**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jesse Scott Fulcher, | No. CV-25-08142-PCT-JAT |
| Petitioner, | **ORDER** |
| v. | |
| Ryan Thornell, et al., | |
| Respondents. | |

Pending before the Court is Petitioner's Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254. (Doc. 1 at 1). This case was referred to Magistrate Judge Bachus, who issued a Report and Recommendation ("R&R") recommending the petition be denied in its entirety and dismissed with prejudice. (Doc. 15 at 22). Petitioner moved for an extension of time to object to the R&R and this Court allowed Petitioner to file his objections by April 13, 2026. (Docs. 16, 17). On April 1, 2026, Petitioner filed his R&R objections and moved for a Certificate of Appealability. (Docs. 18, 19). Respondents filed a response to Petitioner's objections. (Doc. 20). The Court now rules.

## I.    BACKGROUND

Because Petitioner states no objection to the R&R's summary of the case's facts or procedural history, the following summary of facts and procedural background is taken from the R&R.

The State of Arizona charged Petitioner with (1) one count of molestation of a child, (2) four counts of sexual abuse of a victim under fifteen years of age, (3) two counts of

sexual abuse of a victim fifteen years of age or older, and (4) two counts of offering to transfer marijuana. (Doc. 15 at 2). Following a bench trial, the superior court found Petitioner guilty as charged and sentenced him to an aggregate term of 42.5 years imprisonment. (Doc. 15 at 4). On appeal, the Arizona Court of Appeals affirmed his convictions and sentences. (Doc. 15 at 5).

Petitioner initiated his first Post-Conviction Relief ("PCR") proceeding in Mohave County Superior Court in September 2021. (Doc. 15 at 5). After Petitioner's PCR Counsel certified that he could not find any colorable claims to raise, the superior court allowed Petitioner to file a pro se petition. (Doc. 15 at 5–6). Petitioner filed his petition for PCR in February 2023 under Arizona Rule of Criminal Procedure ("Arizona Rule") 32. (Doc. 15 at 6). Although the superior court found that good cause existed to hold an evidentiary hearing on some of Petitioner's claims, the court ultimately concluded that Petitioner's arguments were unfounded and denied his petition. (Doc. 15 at 7). Petitioner appealed that denial and the Arizona Court of Appeals granted review but denied relief. (Doc. 15 at 7–8). The Arizona Court of Appeals issued its Mandate in February 2025. (Doc. 15 at 8).

On July 1, 2025, Petitioner filed a Petition for Writ of Habeus Corpus with this Court pursuant to 28 U.S.C. § 2254 and outlined four grounds for relief. (Doc. 1). As relevant here, Petitioner alleges that State of Arizona denied him his fundamental due process rights guaranteed by the Arizona and United States Constitutions when the State of Arizona (1) "failed to file and disclose information to the defense" as required by Arizona Rule 15.1 and 15.6 ("Ground Two") and (2) "failed to disclose exculpatory/impeachment evidence" in violation of *Brady v. Maryland*, 373 U.S. 83 (1963) ("Ground Three").[1] (Doc. 15 at 15, 17).

---

[1] Petitioner notes that he accepts the Magistrate Judge's findings "as to Grounds One and Four, but moves this Court to provide relief as to Grounds Two and Three." (Doc. 18 at 11). Because Petitioner does not object to Grounds One and Four, the Court accepts the R&R's findings on those grounds without additional review. *Thomas v. Arn*, 474 U.S. 140, 149 (1985) (noting district courts are not required to conduct "any review at all . . . of any issue that is not the subject of an objection"); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) ("Neither the Constitution nor [28 U.S.C. § 636(b)(1)(C)] requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct.").

The R&R recommends denying and dismissing Petitioner's petition with prejudice and without leave to amend. (Doc. 15 at 22). The R&R further recommends that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be denied. (Doc. 15 at 22).

## II.    STANDARD OF REVIEW

When reviewing a state prisoner's habeas corpus petition under 28 U.S.C. § 2254, a federal district court "must decide whether the petitioner is 'in custody in violation of the Constitution or laws or treaties of the United States.'" *Coleman v. Thompson*, 501 U.S. 722, 730 (1991) (quoting 28 U.S.C. § 2254). This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The district judge must review the findings and recommendations of the Magistrate Judge *de novo* if there is an objection from one or both parties. *Reyna-Tapia*, 328 F.3d at 1121; *Klamath Siskiyou Wildlands Ctr. v. U.S. Bureau of Land Mgmt.*, 589 F.3d 1027, 1032 (9th Cir. 2009) (the district court "must review *de novo* the portions of the [Magistrate Judge's] recommendations to which the parties object"); *see also* 28 U.S.C. § 636(b)(1) ("[T]he court shall make a de novo determination of those portions of the [report and recommendation] to which objection is made.").

## III.    DISCUSSION

The R&R recommends denying Petitioner habeas relief on Grounds Two and Three because the claims, while "technically exhausted," are "procedurally defaulted based on an express procedural bar" applied by the Arizona Court of Appeals pursuant to Arizona Rule 32.2(a)(3). (Doc. 15 at 18). The R&R alternatively recommends dismissing Ground Two—to the extent the claim is not procedurally defaulted—because "it is not cognizable on review by this Court." (Doc. 15 at 20).

Although Petitioner objects to the R&R's procedural default findings as to Grounds Two and Three, Petitioner did not object to the R&R's finding that Ground Two, beyond being procedurally barred, is not a cognizable claim for federal habeas review. Because Petitioner did not object on this basis, the Court accepts the R&R's finding that Ground

- 3 -

Two is not a cognizable claim. *Schmidt v. Johnstone*, 263 F.Supp.2d 1219, 1226 (D. Ariz. 2003) ("Following *Reyna-Tapia*, this Court concludes that *de novo* review of factual and legal issues is required if objections are made, 'but not otherwise.'"). The Court will not consider Petitioner's procedural-default arguments as to Ground Two because the R&R provides an alternative, independent, non-objected-to basis for dismissing the petition on that ground. *Id.* Accordingly, the Court's review is limited to Petitioner's objections as to Ground Three. Ground Three alleges that the State of Arizona violated its *Brady* obligations by failing to "disclose exculpatory/impeachment evidence." (Doc. 1 at 19; Doc. 15 at 15, 17). Petitioner alleges that this failure denied him his right to due process under Article II, § 4 of the Arizona Constitution and the 5th and 14th Amendments of the United States Constitution. (Doc. 1 at 19).

### A. Legal Standard

"An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A); *see also id.* § 2254(c) ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.").

> To exhaust state remedies, a petitioner must afford the state courts the opportunity to rule upon the merits of his federal claims by "fairly presenting" them to the state's "highest" court in a procedurally appropriate manner. *Castille v. Peoples,* 489 U.S. 346, 349, (1989); *Baldwin v. Reese,* 541 U.S. 27, 29 (2004) (stating that "[t]o provide the State with the necessary 'opportunity,' the prisoner must "fairly present" her claim in each appropriate state court . . . thereby alerting the court to the federal nature of the claim."). …[I]n Arizona, unless a prisoner has been sentenced to death, the "highest court" requirement is satisfied if the petitioner has [properly] presented his federal claim to the Arizona Court of Appeals either on direct appeal or in a petition for post-conviction relief.

*Date v. Schriro*, 619 F. Supp. 2d 736, 762 (D. Ariz. 2008).

A state prisoner must "fairly present" his claims to the Arizona Court of Appeals by describing "both the operative facts and the federal legal theory" supporting his claims, with citations to "the specific constitutional guarantee upon which he bases his claim in

federal court." *Id.* at 764. If a state prisoner has not presented his claim "(1) to the proper forum, (2) through the proper vehicle, and (3) by providing the proper factual and legal basis for the claim," then he has failed to exhaust his remedies in state court and federal habeas relief is unavailable. *See id.* at 765 (quoting *Insyxiengmay v. Morgan*, 403 F.3d 657, 668 (9th Cir. 2005)).

A claim is procedurally defaulted if "[(1)] the state court was presented with the claim but declined to reach the issue for procedural reasons, or [(2)] it is clear that the state court would hold the claim procedurally barred." *Sandgathe v. Maass*, 314 F.3d 371, 376 (9th Cir. 2002) (internal quotations omitted). In either instance of default, federal review of the claim is prohibited unless the prisoner can make a showing of "cause and prejudice" or establish a "fundamental miscarriage of justice." *Date*, 619 F. Supp. 2d at 766 (internal quotations and citation omitted).

### B. Analysis

The R&R found that Ground Three is procedurally defaulted and that Petitioner failed to show that an exception applied to overcome the procedural bar. (Doc. 15 at 18). Given Petitioner's objections to the R&R's findings, this Court will consider the procedural default issue *de novo*. *Reyna-Tapia*, 328 F.3d at 1121.

Federal courts will not review a federal claim decided by a state court if the state court's ruling rests on a procedural state law ground "that is independent of the federal question and adequate to support the judgment." *Coleman*, 501 U.S. at 729. The "independent and adequate state ground doctrine" bars federal habeas review when "a state court declined to address a prisoner's federal claims because the prisoner had failed to meet a state procedural requirement." *Id.* at 729–30. "In these cases, the state judgment rests on independent and adequate state procedural grounds." *Id.* at 730. District courts look to the "the decision of the last state court to which the petitioner presented his federal claims" to determine whether the court's decision relied on an independent and adequate state ground. *See id.* at 735.

The last state court Petitioner presented his federal claims to was the Arizona Court

of Appeals, which reviewed his challenge to the superior court's denial of his PCR petition. Petitioner alleged that, during trial, a police detective's testimony "opened the door" that one of Petitioner's victims had been "subjected to a prior forensic interview as either a victim/witness or suspect." (Doc. 11-4 at 46). Because the State allegedly failed to disclose this fact, Petitioner complained he was denied the opportunity to impeach the victim's testimony at trial. (Doc. 11-4 at 46). When seeking PCR, Petitioner moved for access to multiple police reports that that the State allegedly withheld. (Doc. 11-4 at 46). Petitioner argued that the exculpatory police reports showed one of the victims in his case "has a propensity to cultivate . . . internet sexual relationships with strange men." (Doc. 11-4 at 47).

The Court of Appeals concluded that Petitioner's claim—based on the State's alleged failure to disclose exculpatory/impeachment evidence—was precluded from review on procedural grounds, stating:

> On review, [Petitioner] contends the trial court abused its discretion by "failing to adequately address" his claim . . . that the state had violated . . . the requirements of *Brady*. But [Petitioner's] claim . . . pursuant to *Brady* . . . [is] raised under Rule 32.1(a), and [is] therefore precluded due to the failure to raise [the claim] on appeal. *See* Ariz. R. Crim. P. 32.2(a)(3).

(Doc. 11-4 at 106–07).

As the Court of Appeals noted, Petitioner sought PCR pursuant to Rule 32.1(a), which allows such relief is a "defendant's conviction was obtained, or the sentence was imposed, in violation of the United States or Arizona constitutions." Ariz. R. Crim. P. 32.1(a). However, Rule 32.2(a)(3) precludes defendants from obtaining relief under Rule 32.1(a) based on any ground "waived at trial or on appeal . . . except when the claim raises a violation of a constitutional right that can only be waived knowingly, voluntarily, and personally by the defendant." Ariz. R. Crim. P. 32.2(a)(3). The Court of Appeals declined to reach the merits of the *Brady*-violation claim, finding that Petitioner waived the issue by failing to argue it on direct appeal. (Doc. 11-4 at 107).

"[T]he Supreme Court has recognized Arizona Rule of Criminal Procedure 32.2(a)(3) as an independent and adequate state ground that bars federal habeas review of

constitutional claims." *Murray v. Schriro*, 745 F.3d 984, 1016 (9th Cir. 2014) (citing *Stewart v. Smith*, 536 U.S. 856, 860 (2002)). Because the Arizona Court of Appeals found Petitioner's *Brady* claim was waived under Rule 32.2(a)(3), Ground Three is procedurally defaulted and thus barred from this Court's consideration, unless Petitioner "can [(1)] demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or [(2)] demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice," *Coleman*, 501 U.S. at 725. The Court will address the two exceptions in turn.

### i.  Cause and Prejudice

"Cause" refers to a legitimate excuse for the procedural default, *Hogan v. Bean*, 140 F.4th 1001, 1029 (9th Cir. 2025), and "must be something external to the [prisoner]" that is not fairly attributable to him, *Coleman*, 501 U.S. at 753. The existence of "cause" "ordinarily turn[s] on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Id.* (internal quotations and citation omitted). Showing that the factual or legal basis of a claim was not reasonably available to counsel or demonstrating that "some interference by officials" made compliance with state procedural rules impracticable, would satisfy the "cause" requirement. *Id.*

"Prejudice" is defined as "actual harm resulting from the claimed constitutional error." *LaGrand v. Stewart*, 173 F.3d 1144, 1148 (9th Cir. 1999). A prisoner must show more than the possibility of prejudice, and instead must demonstrate that errors at trial "worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Hogan*, 140 F.4th at 1026.

Petitioner claims the "default protocol used by the [Arizona Court of Appeals] fails to meet muster" because the record does not support the Court of Appeals' conclusion that Petitioner waived his *Brady* claim by failing to raise it on direct appeal. (Doc. 18 at 5, 10). He asserts he has suffered unquantifiable damage from the Courts of Appeals' "abhorrent application" of Rule 32.2(a)(3) because Ground Three could not have been raised on

appeal.[2] (Doc. 18 at 10). Petitioner claims he satisfied the "cause" standard by appealing the Court of Appeals' PCR decision to the Arizona Supreme Court. (Doc. 18 at 9–10). He claims "[t]he 'resulting prejudice' standard has been thoroughly documented at each level of the states' judiciary." (Doc. 18 at 10).

Petitioner appears to argue that the "legitimate excuse" or "cause" for the procedural default was the Court of Appeals' erroneous application of Arizona Rule 32.2. In essence, Petitioner claims the Court of Appeals misapplied state procedural rules by finding his claim was waived because he asserts, without explanation, that the claim could not have been raised on direct appeal. This is not the type of excuse that constitutes "cause" for purposes of overcoming a procedural bar in federal habeas proceedings. Indeed, the Ninth Circuit Court of Appeals has held that "[f]ederal habeas courts lack jurisdiction . . . to review state court applications of state procedural rules." *Poland v. Stewart*, 169 F.3d 573, 584 (9th Cir. 1999) (rejecting petitioner's argument that the superior court improperly found his claims were waived under Arizona Rule 32.2 and affirming the district court's denial of the petition for writ of habeas corpus); *Lewis v. Jeffers*, 497 U.S. 764, 765 (1990) ("[F]ederal habeas corpus relief does not lie for errors of state law.").

Even if Petitioner could establish cause, he has not established that the absence of the allegedly exculpatory police reports prejudiced him at trial or on direct appeal. Petitioner's bare assertion that the "resulting prejudice" from the withheld reports "has been thoroughly documented" falls woefully short of demonstrating "actual harm . . . from the claimed constitutional error."[3] *LaGrand*, 173 F.3d at 1148. Accordingly, Petitioner fails

---

[2] Petitioner provides no explanation as to why he could not have raised the claim on direct appeal.

[3] Indeed, the Court reviewed a transcript from the evidentiary hearing that the superior court held on Petitioner's petition for PCR. (Doc. 11-4 at 160–222). The superior court overseeing the evidentiary hearing was the same court that presided over Petitioner's bench trial. At the evidentiary hearing, only one police report was deemed relevant to Petitioner's claim, (Doc. 11-4 at 216:8–13), and the parties focused exclusively on that report, which contained information suggesting that one of the minor victims had previously lied about her age, (Doc. 11-4 at 212:4–20). The superior court explicitly noted that even if the police report at issue "may have been *Brady* material, *it would not have affected*, even if it was inquired into, the outcome of what this court decided at the bench trial." (Doc. 11-4 at 217–218). The court noted it "d[id] not find that [the *Brady* issue] is a basis for which there was prejudice to the [Petitioner] even if there was a *Brady* violation." (Doc. 11-4 at 218).

to show that the cause-and-prejudice exception applies to overcome the procedural bar as to Ground Three.

### ii. Fundamental Miscarriage of Justice

"[T]he miscarriage of justice exception is limited to those *extraordinary* cases where the petitioner asserts his innocence and establishes that the court cannot have confidence in the contrary finding of guilt." *Johnson v. Knowles*, 541 F.3d 933, 937 (9th Cir. 2008) (emphasis in original). A credible claim of actual innocence must be supported with "new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). Because of "the rarity of such evidence, in virtually every case, the allegation of actual innocence has been summarily rejected." *Shumway v. Payne*, 223 F.3d 982, 990 (9th Cir. 2000).

Petitioner does not assert he is innocent or argue that this procedural-default exception applies to his case. Accordingly, there is no excuse for the procedural default of Ground Three and this Court will not review it.

### IV. Leave to Amend

In concluding and recommending that the existing Petition be dismissed, the R&R cites *Jarvis v. Nelson*, 440 F.2d 13 (9th Cir. 1971) (per curiam) to evaluate whether the Court should *sua sponte* grant Petitioner leave to amend the Petition. Because any anticipated amendment would be futile, the Magistrate Judge recommends the Petition be denied without leave to amend. (Doc. 15 at 21–22).

In *Jarvis*, the Ninth Circuit Court of Appeals stated that "a petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted." 440 F.2d at 14. This ruling was in the context of the dismissal of a habeas petition for failure to state a claim for relief, and suggests that, because there was no state-court record available, no answer to the petition had been filed. *Id.* Moreover, *Jarvis* relied on cases where the petition was summarily dismissed with leave to amend for failure to state a claim. *See Pembrook v. Wilson*, 370 F.2d 37, 39 n.4 (9th Cir. 1966) ("The proper course in this circumstance would be to grant

leave to proceed in forma pauperis, but dismiss the application with leave to amend, pointing out the deficiency which requires amendment."); *Wilson v. Wilson*, 372 F.2d 211, 212 (9th Cir. 1967). *See also Henderson v. Johnson*, 710 F.3d 872, 873 (9th Cir. 2013) (citing *Jarvis* and finding that leave to amend should have been granted before summarily dismissing a "mixed" petition including some unexhausted claims). This approach allows a petitioner a second bite at the apple when the respondent has not yet answered the petition and the litigant is first notified of the pleading's deficiencies through a court's order of dismissal.[4]

Here, the Court's service Order found that Petitioner stated a "tenable claim," i.e., a claim sufficient to require an answer. (Doc. 5). Respondents filed a limited answer to the Petition, arguing that the presented claims were procedurally barred or non-cognizable. (Doc. 11). Because Respondents' answer identified the deficiencies in the Petition, this Court need not *sua sponte* consider whether Petitioner should be granted leave to amend. Instead, Petitioner's recourse—had he deemed an amendment advisable after receipt of Respondents' answer—was to seek leave to amend.  *See Mayle v. Felix*, 545 U.S. 644, 655 (2005) (noting that Federal Rule of Civil Procedure 15 "allows pleading amendments with 'leave of court' any time during a [habeas] proceeding"). Petitioner has not done so.

Accordingly, the Court does not *sua sponte* address whether to grant leave to amend.

### V.      Certificate of Appealability

Before Petitioner can appeal this Court's judgment, a certificate of appealability ("COA") must issue. *See* 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b)(1); Rule 11(a) of the Rules Governing Section 2254 Cases. "The district court must issue or deny a certification of appealability when it enters a final order adverse to the applicant." Rule

---

[4]      In addition to granting leave to amend upon a court's order of dismissal, precedent requires that before *sua sponte* dismissing a habeas petition on procedural grounds not asserted by respondents, courts must permit the petitioner an opportunity to be heard on the defense.  *See e.g.*, *Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998) (habeas court *sua sponte* raising issue of procedural default must provide the petitioner notice of the default and allow him to respond to the argument for dismissal); *Day v. McDonough*, 547 U.S. 198, 209–11 (2006) (Magistrate Judge *sua sponte* raised statute of limitations defense and gave the petitioner notice and a fair opportunity to demonstrate why his case should not be dismissed as untimely).

11(a) of the Rules Governing Section 2254 Cases. Pursuant to 28 U.S.C. § 2253(c)(2), a COA may issue only when the petitioner "has made a substantial showing of the denial of a constitutional right." The court must indicate which specific issues satisfy this showing. *See* 28 U.S.C. § 2253(c)(3). When the district court denies a habeas petition on procedural grounds without reaching the merits of the underlying constitutional claim, a COA will issue only if reasonable jurists could debate (1) whether the petition states a valid claim of the denial of a constitutional right and (2) whether the court's procedural ruling was correct. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Upon review of the record, the Court concludes that a COA shall not issue because the resolution of the Petition is not debatable among reasonable jurists. *See Ramirez v. Thornell*, CV-23-00114-TUC-JGZ, 2023 WL 8622630, at *1 (D. Ariz. Dec. 13, 2023).

**VI.    CONCLUSION**

For the foregoing reasons,

**IT IS ORDERED** that Petitioner's Objections to the R&R (Doc. 18) are **overruled**.

**IT IS FURTHER ORDERED** that the R&R (Doc. 15) is **accepted in part and modified in part**, as specified herein.

**IT IS FURTHER ORDERED** that Petitioner's Motion Requesting a Certificate of Appealability (Doc. 19) is **denied** and a Certificate of Appealability shall not issue.

**IT IS FURTHER ORDERED** that the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) is **denied** and this case is **dismissed with prejudice**. The Clerk of Court shall enter judgment accordingly.

Dated this 12th day of May, 2026.

James A. Teilborg
Senior United States District Judge